UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY M. DYE, #2015003908,

          Plaintiff,                       Case No. 15-cv-11766

v                                              Honorable Thomas L. Ludington

WYATT HARRIS,

          Defendant.
_____/

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

**I.**

Plaintiff is an inmate confined at the Wayne County Jail in Detroit, Michigan. Plaintiff filed his complaint on May 15, 2015 (ECF No. 1). On May 22, 2015, Magistrate Judge R. Steven Whalen signed an order of deficiency, requiring Plaintiff to provide a Prisoner's Application to Proceed Without Prepayment of Fees and Costs and Authorization to Withdraw from the Trust Fund Account, a signed certification of his prison trust account from an authorized jail official, and a current computerized trust fund account showing the financial transactions in Plaintiff's institutional trust fund account for the past six months (ECF No. 4). Alternatively, the order allowed Plaintiff to pay the four hundred ($ 400.00) dollar filing fee in full. *Id*. Plaintiff was given thirty days to comply with the order.[1] *Id.*

The first order was mistakenly mailed to a "Timothy Dyer" and was returned to the Court as undeliverable (ECF No. 6). A second order of deficiency was resent to plaintiff on July 24,

---

[1] Plaintiff filed an application to proceed without prepaying fees and costs when he filed the complaint but this application was deficient because it did not contain an authorization to withdraw funds, a signed certification of his prison trust account from an authorized jail official, and a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months.

2015 with the correct spelling of plaintiff's name (ECF No. 7). Plaintiff was given until August 24, 2015 to comply with the order. *Id*.

On August 12, 2015, Plaintiff filed an Application to Proceed in District Court Without Prepayment of Fees or Costs along with a computerized trust fund account. (ECF No. 8). Plaintiff did not provide this Court with a written authorization to withdraw funds from his jail trust fund account, nor did he provide the Court with a certified trust account statement. Because Plaintiff has not complied with the deficiency order, ECF No. 7, his complaint will be dismissed without prejudice for failure to comply with the filing requirements of the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(1), (b)(1) and (2).

**II.**

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997). If a prisoner who does not pay the full filing fee does not provide an affidavit of indigency or a certified trust account statement, the Court must notify the prisoner of the deficiency, and the prisoner will then have thirty days from the date of the deficiency order to correct the error or pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the Court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The Court must then order that the case be dismissed for want of prosecution. *Id.*

- 3 -

Here, Magistrate Judge Whalen gave Plaintiff 30 days to correct his deficiency (ECF No. 7). Plaintiff then filed an application to proceed without prepayment of fees and costs (ECF No. 8). This application is deficient because Plaintiff failed to file the required authorization to withdraw funds. The moment plaintiff filed his complaint, he became responsible for the filing fee, and he waived any objection to the withdrawal of funds from his trust fund account to pay court fees and costs. *McGore v. Wrigglesworth*, 114 F. 3d at 605. Plaintiff's application to proceed without prepayment of fees or costs is thus deficient and subject to dismissal because it lacks the requisite authorization form. *See Lindsey v. Roman,* 408 Fed. App'x. 530, 533 (3rd Cir. 2010).

Plaintiff also did not provide the Court with a signed certification regarding the trust fund account. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2), nor would it cure the deficiency in this case. *See Hart v. Jaukins,* 99 Fed. App'x. 208, 209-10 (10th Cir. 2004); *See also Moore v. Vantifflin,* No. 2009 WL 224548, * 1 (E.D. Mich. January 30, 2009).

Plaintiff has not sufficiently corrected the deficiency in this case. Because Plaintiff has not complied with the deficiency order, ECF No. 7, the Court will dismiss the complaint without prejudice for want of prosecution. *See e.g. Erby v. Kula,* 113 Fed. App'x. 74, 75-76 (6th Cir. 2004).

- 4 -

## III.

Accordingly, it is **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED** **without prejudice**.

                                                           s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge

Dated: September 30, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 30, 2015.

                                  s/Michael A. Sian
                                  MICHAEL A. SIAN, Case Manager